## CIRCUIT COURT OF THE CITY OF RICHMOND

Stewart W. Pierce

v.

Commonwealth of Virginia et al.

December 1, 1994

Case No. HE-694-1

BY JUDGE MELVIN R. HUGHES, JR.

Plaintiff filed a Bill of Complaint asking that the Court declare § 16.1-122.1 unconstitutional as special legislation because it authorizes a small claims court for Fairfax County and Arlington. Defendants have filed in one paper a Demurrer, Motion To Dismiss/Motion For Summary Judgment, and Plea of Sovereign Immunity. One of the grounds stated in the Demurrer, is that plaintiff has failed to state a cause of action. Because this ground of the Demurrer is dispositive, it is not necessary to discuss the other motions.

In 1994 the General Assembly enacted and made into law § 16.1-122.1 providing:

> Each general district court in any judicial district encompassing (i) a county having a population in excess of 300,000, and (ii) beginning on July 1, 1991, and continuing through June 30, 1993, a county having a population of more than 152,000 and less than 153,000, according to the 1980 United States Census shall have a small claims division which shall be designated the small claims court. Additionally, the governing body of any other county or city may adopt an ordinance seeking to establish within the general district court in its locality a small claims division, which shall be designated a small claims court. In the event that two localities share a general district court, a small

claims division shall not be established unless the governing bodies in both localities adopt such ordinance.

An ordinance adopted pursuant to the authority of this section shall not become effective unless the General Assembly adopts an act specifically authorizing creation of a small claims division for the locality, or the localities which share a general district court.

Article IV, § 14, of the Virginia Constitution forbids the General Assembly from enacting "any local, special, or private law" in twenty enumerated instances. Plaintiff complains that because § 16.1-122.1 authorizes small claims divisions in Fairfax and Arlington, this offends the third enumeration under Article IV, § 14, whereby the General Assembly is precluded from enacting any special law:

Regulating the practice in, or the jurisdiction of, or changing the rules of evidence in any judicial proceedings or inquiry before the courts or other tribunals, or providing or changing the methods of collecting debts or enforcing judgments or prescribing the effect of judicial sales of real estate.

Whether legislation is "special" within the meaning of the Virginia Constitution depends on there being an *arbitrary* separation of persons, places, or things. *Standard Drug v. General Electric*, 202 Va. 367, 376, 117 S.E.2d 289 (1960). It has been held that a given law may apply to a certain locality and yet not offend the Virginia Constitution as long as it applies to all localities and persons where similar conditions exist. *County Bd. of Supervisors v. American Trailer Co.*, 193 Va. 72, 68 S.E.2d 115 (1951). Such is the case here. Probably because of the population specifications, the Counties of Fairfax and Arlington are mandated to have small claims divisions within their general district courts. According to the words of the statute, *any* general district court in *any* judicial district fitting the population described would be required to establish a small claims division. The statute is neutral because it applies to any locality meeting the population criteria. This, in no way, is "special" legislation because, as written, the statute does not arbitrarily separate out Fairfax and Arlington from the rest of the Commonwealth. And then there is the local option feature. Under it, *any* locality in Virginia may have a small claims division in its general district court if it chooses to do so, subject to General Assembly approval.

For these reasons, and given the presumption of constitutionality afforded to all acts of the Legislature, the statute in question is not unconstitutional. The Court will therefore sustain the demurrer. Plaintiff is not permitted to amend.